**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul T. Stavensjord, | No. CV 09-0354-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | **AND** |
| | **ORDER TO SHOW CAUSE** |
| Corrections Corporation of America, Bruno Solc, Penny Hart, | |
| Defendants. | |

Plaintiff Paul T. Stavensjord filed this civil rights action against employees of the Corrections Corporation of America (CCA), Red Rock Correctional Center in the Superior Court for the State of Alaska. (Doc. #21.) Defendants removed the action to the United States District Court for the District of Alaska, and on February 17, 2009, the Court for the District of Alaska transferred the action to this District. On February 20, 2009, Defendants filed an answer. (Doc. #22.) Defendants now move for judgment on the pleadings on the ground that Plaintiff failed to serve his Complaint on Defendants in accordance with Alaska Rule of Civil Procedure (4)(h). (Doc. #32.) The Court issued an Order, required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), informing Plaintiff of his obligation to respond and the evidence necessary to rebut Defendants' contentions. (Doc. #34.) The matter is fully briefed. (Doc. ##33, 35, 36.[1]) The Court will deny the motion without prejudice.

---

[1]Plaintiff filed a Supplement to his Opposition. (Doc. #36.)

## I. Background

Plaintiff claimed that Defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) when they substantially burdened the practice of his religion by eliminating Buddhist service days and not allowing Plaintiff to use incense during the practice of his religion, which he had previously been allowed to use.

Plaintiff further alleged that Defendants violated his Fourteenth Amendment due process rights by "banning the Buddhist practice of burning ritual incense while allowing other groups (Alaska Natives), to have [a] fire and burn ritual incense (sage and sweetgrass) at their sweat lodge gatherings." (Doc. #21.) Because Plaintiff appeared to raise an equal protection, rather than due process, claim, the Court construed these allegations as an equal protection claim.

## II. Motion For Judgment on the Pleadings

### A. Legal Standards

"Judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co., 50 F.3d 1486, 1488 (9th Cir.1995). When brought by a defendant, a Rule 12(c) motion for judgment on the pleadings is a "means to challenge the sufficiency of the complaint after an answer has been filed." New.Net, Inc. v. Lavasoft, 356 F. Supp.2d 1090, 1115 (C.D. Cal. 2004). It is thus similar to a motion to dismiss. Id. The standard for deciding a Rule 12(c) motion is the same as that applied to a Rule 12(b) motion to dismiss. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The court may consider matters of public record of which the court may take judicial notice without converting a 12(b)(6) motion into a motion for summary judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001), impliedly overruled on other grounds as discussed in Gallardo v. Dicarlo, 203 F. Supp.2d 1160, 1162 n.2 (C.D. Cal. 2002). Additionally, the court may consider documents which were not physically attached to the complaint but upon which the complaint necessarily relies when the authenticity of such documents is not contested. Lee, 250 F.3d at 688-689 (citing Parrino v. FHP, Inc., 146 F.3d

699, 705-706 (9th Cir. 1998) <u>superseded by statute on other grounds</u>).  Likewise, in ruling on a motion for judgment on the pleadings, the court may consider any document incorporated by reference into the pleadings and any materials of which it could take judicial notice.  <u>Eaton v. Siemens</u>, 2008 WL 3437735, at *3 (E.D. Cal. Sept. 22, 2008).

Alaska Rule of Civil Procedure 4(h) provides that process may be served within the United States "by registered or certified mail, with return receipt requested. . . . Service of process by mail under this paragraph is complete when the return receipt is signed."

### B.    Parties' Contentions

#### 1.    Defendants

Defendants assert that Plaintiff filed his Complaint in Alaska Superior Court on September 9, 2008.  On November 3, 2008, he filed a Rule 4(f) Affidavit avowing that he served the summons and complaint on Defendants and attached PS Form 152 (U.S. Postal Service Delivery Confirmation Receipt) as evidence of such service by mail.  (Ex. 1.) Defendants assert that the form does not provide that the summons and complaint was served via registered or certified mail, with return receipt requested.  Defendants assert that when they removed the case to federal court, they noted in the Supplemental Civil Cover sheet that they were preserving the affirmative defense that Plaintiff failed to properly serve the Complaint.  Defendants contend that they asserted as an affirmative defense in their answer insufficiency of service of process.

Defendants first argue that although they have filed an answer, they can file a 12(c) motion, because the defense was included in their responsive pleadings.  (Doc. #32 at 1 n. 1, citing <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1093 (9th Cir. 1980).)  They also assert that although Rule 12(c) precludes a party from presenting matters outside the pleadings, the district court may take into consideration documents incorporated into the pleadings and can take judicial notice of matters of public record.  (Doc. #32 at 2, citing <u>United States v. Wood</u>, 925 F.2d 1580, 1582 (7th Cir. 1991).)  They assert that the affidavit is a matter of public record.  As to service, Defendants assert that because Plaintiff filed his case in Alaska Superior Court, he was required to effect service pursuant to the Alaska Rules of Civil

Procedure. They argue that the delivery confirmation receipt does not qualify as a return receipt because it only confirms that something was delivered to an address, not that the person to whom the document was addressed received it and signed for it. They ask the Court to dismiss the Complaint.

### 2. Plaintiff

Plaintiff agrees that he filed a Rule 4(f) affidavit and asserts that the pleadings were placed in the CCA/Legal Mail Box with PS Form 3811 and PS Form 152 attached to the envelope. (Doc. #33 at 1-2.) The copies of the summons and complaints were addressed to CCA, 10 Burton Hills Blvd., Nashville, Tenn. 37215; Mr. Bruno Stolc, c/o CCA/Red Rock Corr. Cntr., 1752 E. Arica Rd., Eloy Arizona, 85231; and Ms. Penny Hart, c/o CCA/Red Rock Corr. Cntr., 1752 E. Arica Rd., Eloy Arizona. He asserts that receipts were received the next day on PS Form 152, stamped Eloy AZ 85231 Oct 29 2008 USPS. (Id. at 2.) He argues that once he puts the mail in the CCA Legal Mail box, as an inmate, he can take no further action and if something did not take place that should have, it was after the pleadings were deposited in the CCA mail box. (Id. at 2-3.)

Plaintiff also argues that under Alaska Stat. § 09.05.010, the voluntary appearance of the defendant is equivalent to personal service of a copy of the summons and complaint. (Id.) He points out that Defendants answered the Complaint. In his Supplement, Plaintiff alleges a problem with the mail room at the CCA facility; he asserts that he obtained copies of mail room logs, and they show incoming mail for Stolc and Hart on October 29, 2008, but no outgoing mail to either one. (Doc. #36 at 1.) He also provides copies of the envelopes containing the summonses and complaints to both Stolc and Hart stamped "Received Nov. 3-2008." (Id. at 2, Attach.)

### 3. Reply

Defendants argue that placement in the CCA/ Legal Mail Box is not proper personal service under the Rule. They reassert that they preserved their defense of insufficient service of process. (Doc. #35 at 2.)

**C.     Analysis**

Alaska Rule of Civil Procedure 4(h) provides:

> (h) Service of Process by Mail. In addition to other methods of service provided for by this rule, process may also be served within this state or the United States or any of its possessions by registered or certified mail, with return receipt requested, upon an individual other than an infant or an incompetent person and upon a corporation, partnership, unincorporated association, or public corporation. In such case, copies of the summons and complaint or other process shall be mailed for restricted delivery only to the party to whom the summons or other process is directed or to the person authorized under federal regulation to receive the party's restricted delivery mail. All receipts shall be so addressed that they are returned to the party serving the summons or process or the party's attorney. Service of process by mail under this paragraph is complete when the return receipt is signed.

Plaintiff does not provide proof that he mailed the summons and complaint to Defendants by registered or certified mail, return receipt requested.   However, the affidavit of service is dated October 3, 2008.  On February 20, 2009, Defendants filed their Answer and a Corporate Disclosure Statement.   (Doc. ##22, 24.)     The Answer asserted "insufficiency of process and insufficiency of service of process" "should subsequent discovery reveal these defenses are appropriate." (Doc. #22 ¶ 35.) On April 1, 2009, present counsel filed a Notice of Appearance for all Defendants; the Notice of Appearance is not limited to an appearance for the purpose of objecting to the insufficiency of service.  (Doc. #28.)

The Court has the duty to issue and serve process in prisoner cases.  28 U.S.C. § 1915(d).  On screening pursuant to 28 U.S.C. § 1915A(a), this Court did not order service on Defendants because it appeared that service had been made and that Defendants had answered the Complaint.  (Doc. #26 at 2.)

Even assuming that service of process was insufficient, "[i]t is clear to the Court that this is not a case where process is so lacking that dismissal at this time is warranted." Berman v. Anchorge Police Dept., 2005 WL 946845, at * 1 (D. Alaska 2005).   The Court will direct Defendants to advise the Court if they waive objections to the insufficiency of

- 5 -

service of process, and, if they do not, the Court will send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants and order service by the United States Marshal.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as the Defendants' Motion for Judgment on the Pleadings for Insufficiency of Service of Process (Doc. #32).

(2) Within 5 days from the issuance of this Order, Defendants must advise the Court if they waive objections to the insufficiency of service of process, and if they do not, the Court will direct the Clerk of Court to provide Plaintiff with a service packet.

(3) Defendants' Motion is **denied without prejudice** to renewal in the event that Defendants do not waive objections to the insufficiency of the service of process and Plaintiff does not effect service in the future.

DATED this 22nd day of October, 2009.

_____
David G. Campbell
United States District Judge